# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NANA RAMSEY, WIDOW OF DENNIS RAMSEY,**
**Claimant Below, Petitioner**

**vs.)** **No. 11-0753** (BOR Appeal No. 2045168)
(Claim No. 2008020507)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Nana Ramsey, by J. Thomas Greene Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Stephen Higgins, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 6, 2011, in which the Board affirmed a September 2, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 23, 2008, decision granting dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Ramsey filed a claim for dependent's benefits on November 20, 2007, following the death of her husband, Dennis, who died on October 13, 2007. The cause of death was listed as cardiopulmonary arrest and severe emphysema. On July 10, 2008, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was a material contributing factor in the decedent's death, despite finding only minimal x-ray evidence of occupational pneumoconiosis. The Board noted that the decedent had received a lifetime permanent partial disability award of 77.5% for occupational pneumoconiosis. On June 21, 2009, Dr. Renn conducted an independent medical review and found that the decedent died from intractable left ventricular cardiac failure owing to very severe ischemic cardiomyopathy, and that occupational pneumoconiosis was neither the cause of nor a contributing factor to his death. On May 5, 2010, the Occupational Pneumoconiosis Board testified that following its 2008 evaluation, more medical records became available, and that in 2008 the Board was unaware of the decedent's cardiac dysfunction. The Occupational Pneumoconiosis Board reiterated its 2008 finding of minimal radiographic evidence of occupational pneumoconiosis. The Board testified that after reviewing the complete medical record, the decedent died as a result of severe cardiac dysfunction, and exposure to coal dust played no material role in his death.

In its Order reversing the September 23, 2008, claims administrator's decision, the Office of Judges held that occupational pneumoconiosis did not contribute in any material way to the decedent's death. Ms. Ramsey disputes this finding and asserts that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to her husband's death.

The Office of Judges noted that both the Occupational Pneumoconiosis Board and Dr. Renn found that the decedent had a substantial history of deteriorating heart problems. The Office of Judges found that at the time of the Occupational Pneumoconiosis Board's initial recommendation, the medical records documenting his heart problems were unavailable. Finally, the Occupational Pneumoconiosis Board found that the decedent's heart problems caused his death and were so severe that his death was completely unrelated to coal dust exposure, despite a substantial lifetime permanent partial disability award for occupational pneumoconiosis. The Board of Review reached the same reasoned conclusions in its decision of April 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II